**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

| | | |
|---|---|---|
| ADAM DAVIS, JR., | ) | |
| ADC # 143325 | ) | |
|    Plaintiff, | ) | **Case No. 5:12-CV-00386 SWW-JTK** |
| | ) | |
| v. | ) | |
| | ) | |
| RAY HOBBS, Director, Arkansas | ) | |
| Department of Correction | ) | |
|    Defendant. | ) | |

## PROPOSED FINDINGS AND RECOMMENDATIONS

### Instructions

The following recommended disposition has been sent to United States District Court Judge Susan W. Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

1

2.     Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## Disposition

BEFORE THE COURT is the Petition for Writ of Habeas Corpus filed by Adam Davis, Jr. (Doc. No. 2).  After reviewing the parties' briefing and the available evidence, the Court finds that Petitioner's claims should be DISMISSED.

## Background

Petitioner was convicted by a Garland County (Arkansas) jury of capital murder and attempted first-degree murder, and both sentences were enhanced under Arkansas Code § 16-90-120 (2007) for his commission of these felonies with a firearm.  He was sentenced to life imprisonment without parole for capital murder and a concurrent thirty-year sentence for attempted first-degree murder.  He appealed his conviction to the Arkansas Supreme Court raising the six following arguments: 1) the trial court erred in denying his motion for a directed verdict regarding the sufficiency of the evidence; 2) the trial court erred in denying his request

for a jury instruction on manslaughter, denying him the right to present a complete defense; 3) the trial court erred in failing to instruct the jury regarding the firearm enhancement's effect of removing eligibility for parole; 4) the trial court abused its discretion under Arkansas Rule of Evidence 404(b) in allowing certain witness testimony; 5) the trial court abused its discretion in admitting six autopsy photographs; and 6) the trial court erred when it refused to instruct the jury on second degree murder.  The conviction was affirmed on October 8, 2009. *Davis v. State*, 2009 Ark. 478, 348 S.W.3d 553 (2009).

On December 14, 2009, Petitioner sought postconviction relief pursuant to Ark. R. Crim. P. 37.1.  He raised numerous arguments concerning ineffective assistance of counsel, but the petition was denied on December 1, 2010.  The Arkansas Supreme Court affirmed that decision on November 17, 2011. *Davis v. State*, 2011 Ark. 493 (2011).

### Discussion

Petitioner raises the following seven grounds for habeas relief: 1) there was insufficient evidence to support his convictions; 2) the trial court abused its discretion under Arkansas Rule of Evidence 404(b) in allowing witness testimony from Iris Jean Foxworth and Letrecia Johnson; 3) the trial court abused its discretion in admitting six color autopsy photographs; 4) the trial court erred when it refused to instruct the jury on second degree murder; 5) the trial court erred in denying his request for a jury instruction on manslaughter; 6)  the trial court erred in failing to instruct the jury regarding the firearm enhancement's effect of removing eligibility for parole; and 7) ineffective assistance of counsel for numerous reasons, many of which involve the previous arguments.

I.    **Sufficiency of the Evidence**

Petitioner argues that there was insufficient evidence to support his conviction, but this claim is procedurally barred and without merit.  A habeas petitioner who cannot present his federal claims in state court due to untimeliness or some other state procedural hurdle meets the technical requirements for exhaustion because there are no longer any state remedies that are available to him. *Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir. 2011) (citing *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)).  "However, that petitioner's procedural default may constitute an 'independent and adequate state ground' barring federal habeas relief absent a showing of either cause and prejudice or actual innocence." *Id.* (internal citations omitted).  "[W]e ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies, *i.e.,* whether he has fairly presented his claims to the state courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999).  To meet this fair presentation requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845.  "A failure to exhaust remedies properly in accordance with state procedure results in procedural default of the prisoner's claims." *Welch v. Lund*, 616 F.3d 756, 758 (8th Cir. 2010) (citing *O'Sullivan*, 526 U.S. at 848).

The Arkansas Supreme Court found this argument was not preserved for review because trial counsel failed to renew his directed verdict motion at the close of evidence. Thus, his claim is procedurally defaulted.  He cannot establish cause and prejudice to excuse his default because he suffered no prejudice.  As noted by the Supreme Court, the evidence was overwhelming.  In addition to testimony from numerous witnesses and one of the victims, Petitioner testified that he

shot and killed his wife and that he shot her friend, Velma Davis, in the back while she was on the ground.  Petitioner's allegation that he did not actually intend to kill Davis is unavailing. There was more than enough evidence for the jury to find him guilty of attempted first-degree murder with respect to Davis.  Similarly, there was ample evidence to find Petitioner guilty of capital murder with respect to his wife.

### II.  Testimony Pursuant to Arkansas Rule of Evidence 404(b)

This argument is based entirely on state law and is thus unreviewable.  Federal habeas relief requires petitioners to show they are "in custody in violation of the *Constitution or laws or treaties of the United States*." 28 U.S.C. § 2241(c)(3) (emphasis added).  Further, Petitioner's attempt to recast this as a due process claim on federal review is procedurally defaulted because he did not present a constitutional claim regarding witness testimony to the state courts.  Finally, this claim is without merit.  He has failed to demonstrate prejudice, and the testimony clearly went to motive and preparation.

### III.  The Color Autopsy Photographs

Like the previous argument, this claim is based on state law, and Petitioner's attempt to recast it as a constitutional argument on federal review is procedurally barred.  Petitioner has also failed to establish that this error was so great as to amount to a denial of due process.  *Maggit v. Wyrick*, 533 F.2d 383 (8th Cir. 1976).

### IV.  Denial of Second-Degree Murder Instruction

This argument is once again based on state law, and the court cannot reexamine such decisions.   There is also no federal issue implicated.  The jury received an instruction regarding first-degree murder, so the trial judge's decision does not appear to run afoul of *Beck v.*

*Alabama*, 447 U.S. 625 (1980), and its progeny of cases.  Speculation that the jury would have chosen to convict Petitioner of second-degree murder when it chose to convict Petitioner of capital murder, rather than first-degree murder, is without merit.

### V.   Denial of Manslaughter Instruction

Petitioner's argument is primarily based on state law, and it is procedurally defaulted because it was not preserved for appellate review.  Further, Petitioner's reliance on *Gilmore v. Taylor*, 508 U.S. 333 (1993), is misplaced because *Gilmore* explained that precedent addressing the prevention of an opportunity to present a complete defense involved decisions to exclude evidence and *not* instructional errors of state law.

### VI.   Failure to Instruct Regarding Parole Ineligibility

As with his previous claims, this argument is based on state law, and it was procedurally defaulted because it was not preserved for appellate review.

### VII.   Ineffective Assistance of Counsel

Although Petitioner's ineffective assistance claims are procedurally defaulted, these claims differ from his other defaulted claims because cause for their defaults is established by his lack of postconviction counsel. *Sasser v. Hobbs*, 735 F.3d 833, 852 (8th Cir. 2013) *reh'g denied,* 743 F.3d 1151 (8th Cir. 2014).  However, these claims still fail because he has failed to establish prejudice resulting from the defaults.

Even if it is assumed arguendo that he suffered sufficient prejudice to excuse his defaults, Petitioner's ineffective assistance claims fail because they are without merit.  Federal courts may only overturn a state adjudication through habeas if it resulted in a decision that was 1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by

the Supreme Court of the United States," or 2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"A state court decision is 'contrary to' clearly established federal law if it reaches a conclusion opposite that of the Supreme Court on a question of law, or reaches a decision contrary to the Supreme Court on materially indistinguishable facts." *Arnold v. Dormire*, 675 F.3d 1082, 1085 (8th Cir. 2012) (citing *Williams v. Taylor*, 529 U.S. 362, 405 (2000)). "A state court decision involves an 'unreasonable application' [of federal law] when it identifies the correct legal rule, but unreasonably applies it to the facts. 'A state court's application of clearly established federal law must be objectively *unreasonable*, not merely incorrect, to warrant the granting of a writ of habeas corpus.'" *Id.* (quoting *Jackson v. Norris*, 651 F.3d 923, 925 (8th Cir. 2011)) (internal citations omitted).

The Arkansas Supreme Court correctly identified *Strickland v. Washington*, 466 U.S. 668, 687 (1984), as the appropriate rule for reviewing Petitioner's ineffective assistance claims, so Petitioner must demonstrate that the court's application of *Strickland* was objectively unreasonable. *Jackson*, 651 F.3d at 925.

In order to succeed on his ineffective assistance of counsel claims, Petitioner must have shown both that 1) his counsel provided deficient assistance and 2) he was prejudiced as a result. *Strickland*, 466 U.S. at 687. To establish deficient performance, he must have demonstrated that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. This means showing "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. Courts must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable

professional assistance. *Id.* at 689.  With respect to prejudice, Petitioner must have demonstrated "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.  It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693.

An ineffective assistance claim in the federal habeas context is doubly difficult because courts must "take a 'highly deferential' look at counsel's performance through the 'deferential lens of § 2254(d).'" *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011) (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)).

Petitioner's argument that his counsel was ineffective for failing to renew his directed verdict motion at the close of evidence is without merit.  The evidence was overwhelming, and the Court finds no error in the Arkansas Supreme Court's analysis or its conclusion that Petitioner suffered no prejudice as a result.  Counsel's failure to object regarding a manslaughter instruction was not prejudicial for the same reasons.

Petitioner's claim that counsel was ineffective for failing to inform the jury regarding his lack of parole eligibility is also unavailing.  Given the severity of his charges, it is seems unlikely the jury would have done anything differently if it had been informed of his lack of parole eligibility under the firearm enhancement.  Moreover, counsel did request such an instruction from the judge, and his decision not to inform the jury himself was a strategic choice.

Finally, Petitioner included a litany of conclusory ineffective assistance claims within his first argument.   However, Rule 2(c)(2) of the Rules Governing Section 2254 Cases requires that petitions "state the facts supporting each ground" for relief.   "[T]he habeas petition, unlike a

complaint, must allege the factual underpinning of the petitioner's claims." *McFarland v. Scott*, 512 U.S. 849, 860 (1994) (O'Connor, J., concurring in part and dissenting in part).  Rule 4 of the Rules Governing Section 2254 Cases requires that courts dismiss petitions when it is plainly apparent that the petitioner is not entitled to relief, and courts routinely dismiss claims that are merely conclusory and speculative. *See, e.g.*, *McDonald v. Bowersox*, 101 F.3d 588, 596 n.7 (8th Cir. 1996) ("On their face, [petitioner's] bare assertions have failed to state a cognizable . . . claim entitling him to habeas relief."); Advisory Committee Notes, Habeas Rule 5(c) ("'Notice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'") (quoting *Aubut v. State of Main*, 431 F.3d 688, 689 (1st Cir. 1970)).

Moreover, these claims are wholly without merit.  For instance, Petitioner argues that his counsel was ineffective for failing to investigate and take advantage of the police officers' failure to read him his *Miranda* rights.  Yet Petitioner admits that he remained silent and did not make any statements that were used against him.  Petitioner's argument that his wife could have survived her multiple gunshot wounds if she had received immediate medical attention is similarly irrelevant.  Even if the Court were to assume that the police and paramedics were negligent, this would not absolve him of culpability for her death.  He has also failed to explain how he was prejudiced by counsel's failure to object to the untimeliness of his initial appearance. Petitioner alleges ineffectiveness for failure to object to the impartiality of the jury pool, but the only evidence of bias he offers is the fact that many of them had served on juries before and that one of them had a father who was a S.W.A.T. team member (it does not appear that the S.W.A.T. team was involved in Petitioner's arrest).  The fact that some jurors were allegedly seen with newspapers is also insufficient evidence jury tainting, and counsel's decision not to seek a

mistrial or change of venue was a tactical decision.   The judge asked the jury if any of them had read any stories regarding the case, and none of them indicated that they had.   Speculation that they had in fact read an article and that this prejudiced him is insufficient to overcome the extremely deferential review applicable here.   Lastly, Petitioner's allegations that counsel was ineffective for failing to investigate the removal of valuables from the victim's car does not explain how he was prejudiced.   He does not specify what was removed or how it could have helped his case.

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 2) be, and it is hereby, dismissed, with prejudice.   The relief prayed for is DENIED.

The Court will not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2).

SO ORDERED this 24th day of April, 2014.

_____
United States Magistrate Judge